OPINION
This case comes before the court upon defendant's appeal from an order finding him to be a sexual predator. We begin our opinion with the following quote taken from our decision in State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported:
 * * * The age of [a] victim is probative because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. * * *
In 1993, a jury found defendant, Christopher Daniel, guilty of three counts of rape, five counts of gross sexual imposition, three counts of felonious sexual penetration, and one count of corruption of a minor. Defendant was subsequently sentenced to forty to one hundred years of incarceration. His conviction and sentence were affirmed by this court in State v. Daniel (1994), 97 Ohio App.3d 548, and his ensuing discretionary appeal to the Ohio Supreme Court was disallowed. See State v. Daniel (1995), 71 Ohio St.3d 1455.
After the enactment of H.B. No. 180, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator. Based upon that recommendation, on March 28, 2001, the trial court conducted a hearing pursuant to R.C. Chapter 2950. The trial court reviewed the record, which included defendant's indictment, the original and amended sentencing entries, the trial transcript, and the following exhibits: (1) defendant's prison file, and (2) several documents submitted by the defendant regarding his conduct while incarcerated.
Defendant was thirty-six years old when these crimes were committed. In our previous decision, we very briefly contrasted the positions taken at trial by the prosecution and defense:
 The evidence presented by the state as compared to the evidence presented by appellant's defense counsel presented two entirely different explanations concerning the charges brought against appellant. If the evidence presented by the state was to be believed, appellant had, over the course of several months, sexually abused the two young victims in this case, T.A. and R.K. [Footnote omitted.] After gaining their friendship, appellant elicited their help in a project, wherein he told them he was authorized, as part of his preparation for the priesthood, to study the sexual development of adolescent boys. Appellant used his friendship with T.A. and R.K. to gradually introduce them to pornography, acts of touching and masturbation, fellatio and, eventually, anal intercourse. As far as the victims' parents knew, appellant was a friend to their sons and appellant had also helped the victims get part-time work around the condominium complex where appellant lived. The parents generally assumed that their sons were working for appellant when the various offenses took place.
 If, on the other hand, appellant's explanation is believed, appellant was an orthodox Catholic who was very devout in his faith and strongly believed in strict adherence to the religious and theological positions taken by the Pope of the Roman Catholic Church. As such, appellant often found himself embroiled in controversies with people who were liberal in their Catholic beliefs. Because appellant was strongly opposed to the use of altar girls at St. Andrew Catholic Church in Upper Arlington, many of the students at St. Andrew, as well as the teachers and parents, were unhappy and angry with appellant. Furthermore, appellant had found pornography in the school and, through his friendship with T.A. and R.K., was close to discovering the source of the pornography. Lastly, appellant describes R.K. as a troubled young boy and told the jury that he had caught R.K. in the act of masturbating. Appellant would have the jury believe that there was a conspiracy against him because of his orthodox Catholic beliefs and the two alleged victims in this case, as part of that conspiracy, came forward and testified as they did because they were angry with appellant. [Id. at 555-556.]
A "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). When determining whether an offender is a sexual predator, a trial court must consider all relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2)(a) through (j). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Once the court has considered the factors set forth in R.C. 2950.09(B), in addition to all other relevant factors, the court is charged with determining whether the state has shown, by clear and convincing evidence, that the offender is likely to re-offend. R.C. 2950.09(C)(2). As this court has stated, an appellate court in reviewing a finding that defendant is a sexual predator "must examine the record to determine whether the trier of fact has sufficient evidence before it to satisfy the clear and convincing standard." State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. However, we must keep in mind that "a sexual predator hearing is a civil proceeding, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported * * * and as in any civil appeal based upon the weight of the evidence, we must also presume that the findings of the trier of fact are correct." State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
In this case, the trial court made the following findings on the record:
 In reviewing the statute, 2950.09, which indicates the factors the Court must consider, and also 2971.01, which indicates factors which may be considered, several points do pop out: the offender's age, and it was in the thirties, which indicates he is well aware of the consequences of his actions; the ages of the victims, and it was 12 and 13; whether the offense involved multiple victims, and, again, as the State has pointed out it was two and potentially three.
 The nature of the offender's sexual activity with the victim and whether it was part of the demonstrated pattern of abuse, I think, is the most compelling part of this statute, because this took part over a period of several months at minimum. As the State has pointed out, it involved deceit. It involved a tenor of a project that was necessary to get back in the seminary, which was not going to happen anyway. It involved the abuse of a position of trust, not only as an altar boy coach but as a junior high schoolteacher.
 It went on for quite a long time. There were efforts to intimidate the victims while the case was pending. * * * The number of times it occurred and the length of the time it occurred indicates a compulsion. Under Section 2971.01, factors that may be considered is whether the person chronically commits offenses with a sexual motivation. I think the evidence all pointed towards that.
* * *
 So I think there is clear and convincing evidence to indicate a high likelihood of repetition. So I would declare that the defendant is a sexual predator subject to the laws which govern sexual predators once they're released from the institution. [Tr. 17-18.]
Defendant now appeals, raising the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
The evidence in this case, contained in part in fourteen volumes of trial transcript, is quite disturbing, and, in our opinion, overwhelmingly establishes the defendant's propensity to re-offend.
When defendant committed these crimes, he was thirty-six years old. R.C. 2950.09(B)(2)(a). His victims were twelve and thirteen respectively. R.C. 2950.09(B)(2)(c). Children are perhaps the "victims most easily exploited by acts of sexual abuse because of their relative defenselessness," and a defendant's exploitation of a young child shows that "the likelihood of recidivism is increased." State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97AP-858, unreported. There is a "high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." Daniels, supra. The court also noted that there was evidence which showed that defendant attempted to victimize another minor. Additionally, there were obviously multiple victims in this case. R.C. 2950.09(B)(2)(d).
Defendant also committed multiple sex offenses, against multiple victims, over an extended period of time. As this court has previously noted, "the commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely will have a similar compulsion in the future to commit these kinds of sexual offenses." State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported.
Defendant's conduct also constituted a "demonstrated pattern of abuse." R.C. 2950.09(B)(2)(h). He exploited and sexually abused children which were under his care and guidance. He enticed them with trips and money, paying at least one of the victims by the hour. He also gave them gifts, including golf clubs, athletic club memberships, and gift certificates to pet stores. Defendant deceived his young victims, as well, telling them that they were participating in a study of the sexual development of youths which he was performing in order to become a Catholic priest.
After his abuse came to light, defendant tried to convince the victims to deny everything. On one occasion, he called one of the victims and attempted to convince that victim to leave an after-school function to meet him. When the victim refused, defendant threatened that he had a videotape of the two having sex that he would show all over the "United States." The police were called immediately after that conversation, and defendant was caught in the parking lot watching the victim with a pair of binoculars.
In support of his claim that he should not be classified a sexual predator, defendant argues that several factors contained in R.C.2950.09(B)(2) are not present in this case. In essence, defendant argues that the factors contained in R.C. 2950.09(B)(2) which apply to his case are to be balanced against the factors which do not apply to his case. If there are factors which are not present, defendant believes, or argues, that a finding is inappropriate. This line of reasoning is without merit.
Finally, defendant relies upon this court's opinion in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, for the proposition that he cannot be found to be a sexual predator based upon the facts underlying the instant offenses. This argument is also without merit. In State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465, unreported, we explained:
 * * * Baughman was unique. In Baughman, relying upon the underlying facts alone would have been tantamount to automatically classifying any sexual offender a sexual predator. State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. However, Baughman, an unreported decision, has been distinguished on numerous occasions on the basis that it is "appropriate only where the facts indicate that the sole known act of sexual misconduct was the act for which defendant had been convicted and that fact, alone, without any of the other relevant factors was the basis for the sexual predator determination." [Citations omitted.]
 On several occasions, we have explained that R.C. Chapter 2950 does not require the state to prove a propensity to re-offend by facts other than the facts of the crime itself. Stated another way, R.C. Chapter 2950 does not contain a prohibition against being adjudicated a sexual predator based upon the facts arising from the underlying offense. In [State v.] King [(Mar. 7, 2000), Franklin App. No. 99AP-597, unreported], we explained:
 "* * * The statute draws no artificial distinction between facts underlying a conviction and other facts. Thus, we disagree that facts derived from the sexual offense for which defendant was convicted can never in themselves be sufficient to support a finding of sexual predator by clear and convincing evidence. * * *"
Having reviewed the entire record, we find ample evidence to conclude that defendant is especially likely to engage in other sexually oriented offenses in the future. Accordingly, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and BOWMAN, JJ., concur.